# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GP ROADWAY SOLUTIONS, INC., ) | CIVIL NO. 13-00282 JMS-KSC |
| ) | |
| Plaintiff/Counterclaim ) | ORDER DENYING PLAINTIFF'S |
| Defendant, ) | MOTION FOR RECONSIDERATION |
| ) | |
| vs. ) | |
| ) | |
| LABORERS INTERNATIONAL ) | |
| UNION OF NORTH AMERICA ) | |
| LOCAL 368, ) | |
| ) | |
| Defendant/Counterclaimant. ) | |
| _____ ) | |

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

## I. INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 59(e), Plaintiff GP

Roadway Solutions, Inc. ("GP Roadway") seeks reconsideration, in limited part, of

this court's July 29, 2014 Order that confirmed an Arbitrator's remedial award in

favor of Defendant Laborers International Union of North America Local 368 (the

"Union"). *See GP Roadway Solutions, Inc. v. Laborers Int'l Union of N. Am.

Local 368*, 2014 WL 3737048 (D. Haw. July 29, 2014) (the "July 29, 2014

Order"). The parties are familiar with the details and rulings in the July 29, 2014

Order, and the court need not repeat the background here. Based on the following,

the Motion for Reconsideration is DENIED.[1]

## II.  <u>STANDARD OF REVIEW</u>

Under Rule 59(e), "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.  There may also be other, highly unusual, circumstances warranting reconsideration."  *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citation omitted); *see also* Local Rule 60.1.  "Mere disagreement with a previous order is an insufficient basis for reconsideration."  *Wereb v. Maui Cnty.*, 830 F. Supp. 2d 1026, 1031 (D. Haw. 2011) (citation omitted).  Furthermore, "[a] Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."  *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted).  "Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources."  *Id.* (citation and internal quotation marks omitted).

---

[1]  Under Local Rule 7.2(e), the court decides the Motion without a hearing.

2

# III.  ANALYSIS

GP Roadway argues under Rule 59(e) that this court committed clear error by adopting the Union's calculation of pre-arbitration-award interest to include interest on the amount of contractual benefits (*e.g.*, sick leave, vacation, retirement credit, and health fund contributions), and not just interest on "net back pay."  Doc. No. 64-1, Mot. at 3-4.

GP Roadway points out that the Arbitrator did not actually set the precise amount of pre-arbitration interest -- as discussed in detail in the July 29, 2014 Order, the Arbitrator simply awarded ten percent interest on "the amount of back pay" under State law (as requested by the Union) as "make whole" relief. The July 29, 2014 Order confirmed the ten percent interest figure as "drawing its essence" from the Collective Bargaining Agreement ("CBA"), despite an error by the Arbitrator in selecting the figure.  *See* 2014 WL 3737048, at *12.  And as GP Roadway recognizes, the court then set forth the actual amount of interest of $3,463 based upon the uncontradicted evidence in the record as proffered by the Union.  *See id*. at *3; Doc. No. 27-1, Alfonso Oliver Decl. ¶ 23.e; Doc. No. 32-9, Def.'s Ex. 21.  But even if the figure was not previously debated does not mean it was "clear error" to award it (especially when GP Roadway did not previously challenge the actual amount).  *See Smith v. Clark Cnty. Sch. Dist*., 727 F.3d 950,

3

955 (9th Cir. 2013) (stating that on a motion for reconsideration, "[c]lear error occurs when the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed") (citation and internal quotation marks omitted).

The figure of $3,463 consists of: $2,430 interest on "wages," $97 interest on "pension," $232 interest on "vacation/holiday," and $704 interest on "health and welfare." *See* Doc. No. 32-9, Def.'s Ex. 21. This amount (again, based on the uncontradicted evidence in the record) was submitted by the Union to be ten percent interest "calculated on the entire back pay award for the back pay period." Doc. No. 27-1, Oliver Decl. ¶ 23.e. That is, this amount was identified and sought by the Union in its Motion to Confirm. *See* Doc. No. 26-1, Def.'s Mot. at 17-18.[2] GP Roadway's Motion also recognizes that in their extensive pleadings the parties focused on the Arbitrator's use of state law versus federal law to determine the interest rate (not on the computation of the actual amount of interest). Consistent with that observation, GP Roadway did not contest the

---

[2] Among other arguments, the Union contended that "[i]f the court orders the employer to pay the contributions to the vacation fund[,] [the employee] will directly receive the value of those contributions, $2,322 (plus interest)." Doc. No. 26-1, Def.'s Mot. at 17-18. The Union also argued that "[t]he failure to pay the interest and the fringe benefit contributions adversely impacts the funds. The pension and the health and welfare trust funds are without both the contributions for which they are liable for benefits and interest they otherwise would have received." *Id*. at 18 (citing Doc. No. 27-1, Oliver Decl. ¶ 26).

Union's calculation of the actual amount of interest -- only the rate -- and did not respond (until now) to the Union's proffer of the amount of interest at issue. And even now GP Roadway does not contest the accuracy of the Union's calculations, arguing only that the Arbitrator did not intend to award interest on the amount of benefits.

Given this posture, GP Roadway's Motion is DENIED. The argument should have been made, if at all, in opposition to the Union's Motion seeking to confirm the award where, among other relief, the Union sought interest on "the entire back pay award" (or, at minimum, it could have been made in GP Roadway's Motion seeking to vacate the award).

GP Roadway carefully and adeptly -- although ultimately unsuccessfully -- argued that the Arbitrator exceeded his authority and dispensed his own "brand of industrial justice" in awarding benefits and interest as part of "back pay" under the CBA. GP Roadway asserted strongly that the Arbitrator's award did not "draw its essence" from the CBA because he relied on state law in awarding interest. GP Roadway argued that the Arbitrator knew through the discovery dispute that he was supposed to apply federal law, but instead manifestly erred in imposing a ten percent award under state law. But GP Roadway did *not* argue, in response to the Union's proffer, that the court should

only award interest on the actual "wages" (not including benefits) if the court *disagreed* with GP Roadway's position as to the awarding of benefits as part of make whole relief. The Union specifically moved for, among other relief, confirmation of the arbitration award, including (as it interpreted the award) interest on the entire amount -- and GP Roadway did not contend, even as a secondary position, that interest should only be awarded on "net back pay." GP Roadway's argument now -- after the court has rejected its core arguments and confirmed the arbitration award -- appears simply to be an afterthought.[3] It is thus improper under Rule 59(e)'s standards. *See, e.g.*, *Kona Enters., Inc.*, 229 F.3d at 890. The argument most certainly "could reasonably have been raised earlier in the litigation." *Id.*[4]

Further, the court's award of $3,463 in pre-arbitration-award interest

---

[3] Indeed, if GP Roadway had made such an argument at the proper time, it might have been relevant to the court's analysis as to the primary issues then under consideration -- the meaning of "back pay to compensate wholly or partially for any wages lost" set forth in § 19.4 of the CBA, and the Arbitrator's award of "back pay that would make [the employee] whole." Doc. No. 44-1, Def.'s Ex. 13 at 30.

[4] GP Roadway chides the court for adopting the Union's proffered figure "without pausing to consider whether it was correct." Doc. No. 64-1, Mot. at 2; *see also* Doc. No. 66, Reply at 4 ("[T]he Court simply looked at the Union's calculation without pausing to consider whether it was correct because the parties had not focused on that issue.). But it was *GP Roadway's* burden to object to the figure (at that time, not now) if it questioned its accuracy. *Cf. McGrath v. Cnty. of Nevada*, 67 F.3d 248, 255 (9th Cir. 1995) (reiterating that the party challenging an award "bears the burden of providing specific evidence to challenge the accuracy and reasonableness of the hours charged") (citations omitted). Even if the court did not "pause to consider" the undisputed figure at the time, it was because GP Roadway did not question it.

on the entire amount of the arbitration award (including "wages" and contractual benefits) is consistent with the court's conclusion that the entire amount of wages and benefits is authorized under that CBA as "back pay that would make [the employee] whole." Doc. No. 44-1, Def.'s Ex. 13 at 30. Having concluded, in this context, that "back pay" includes amounts for wages *and* benefits, it would be inconsistent to now conclude in a motion for reconsideration that "back pay" does *not* include benefits for purposes of interest on the amount of the award. What's more, an award of $3,463 is also consistent with the Union's uncontradicted argument that its trust funds will be harmed by a failure to award interest on the amounts that the funds lost by GP Roadway's improper discharge of the employee. *See* Doc. No. 27-1, Oliver Decl. ¶ 26. That is, given the undisputed evidence in the record and the procedural posture of this case, it was not clear error to award $3,463 in pre-arbitration-award interest.

///

///

///

///

///

///

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff GP Roadway Solution, Inc.'s

Motion for Reconsideration, Doc. No. 64, is DENIED.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, September 17, 2014.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*GP Roadway Solutions, Inc. v. Laborers Int'l Union of N. Am. Local 368*, Civ. No. 13-00282
JMS-KSC, Order Denying Plaintiff's Motion for Reconsideration